IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KELLIE GRIFFITH,** | ) |
| | ( |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **BOARD OF EDUCATION OF BENTON** | )   Civil Case No: 05-CV-4158 |
| **COMMUNITY CONSOLIDATED SCHOOL** | ) |
| **DISTRICT NO. 47, NORMAN CARLILE,** | ) |
| **DAVID AUTEN, JOHN METZGER,** | ) |
| **DAVE SEVERIN, GARY MESSERSMITH,** | ) |
| **KATHLEEN KERLEY, JAMES TALLEY,** | ) |
| **RICK COOK,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion to dismiss (Doc. 18) pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendants Board of Education of Benton Community Consolidated School District No. 47 ("Board"), Norman Carlile, David Auten, John Metzger, Dave Severin, Gary Messersmith, Kathleen Kerley, James Talley and Rick Cook. Plaintiff Kellie Griffith ("Griffith") has responded to the motion (Doc. 25).

**I.      Standard for Dismissal**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations as true and draws all reasonable inferences in favor of the plaintiff. *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005); *Holman v. Indiana*, 211 F.3d 399, 402 (7th Cir. 2000). The Court should not grant a motion to dismiss unless it appears beyond doubt that the plaintiff cannot prove his claim under any set of facts consistent with the complaint. *Brown*, 398 F.3d at 908-09; *Holman*, 211 F.3d at 405. "[I]f it is possible to hypothesize a set of facts, consistent with the complaint,

that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate." *Brown*, 398 F.3d at 909 (internal quotations omitted); *see Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006).

Generally, courts will not grant a motion to dismiss merely because the complaint is vague or lacking in detail so long as it pleads "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002); *see Kolupa*, 438 F.3d at 714-15; *Brown*, 398 F.3d at 908. A complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing. *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998); *American Nurses' Ass'n v. Illinois*, 783 F.2d 716, 727 (7th Cir. 1986). Nor must it allege all, or any, of the facts logically entailed by the claim. *Kolupa*, 438 F.3d at 714-15; *Higgs,* 286 F.3d at 439; *Bennett*, 153 F.3d at 518; *American Nurses'*, 783 F.2d at 727. Nonetheless, the complaint must provide a short and plain statement of the claim sufficient to fairly put the defendant on notice of the claim and its basis. *Leatherman v. Tarrant Co. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993); *Brown*, 398 F.3d at 908; *see also* Fed. R. Civ. P. 8(a).

**II.   Facts**

The complaint in this case alleges that Griffith, a woman, was an employee of the Board, and the individual defendants were the members of the Board. Griffith applied to be hired for the position of Athletic Director for the 2004-2005 school year. Although qualified for the position, Griffith was not interviewed. The Board then decided a man should fill the position, changed the job requirements for the position so that Griffith was rendered unqualified, and

offered the position to a man. Based on the Board's hiring decision, Griffith filed a timely charge of sex discrimination with the Equal Employment Opportunity Commission ("EEOC").

After Griffith filed her EEOC charge, the defendants changed her schedule and required her to teach three new classes. They also began treating Griffith more harshly than other employees by making her surrender her keys to the school, requiring her to stay on school grounds at all times except for her lunch hour, and punishing more leniently a person who had threatened to kill her as compared to another person who threatened to kill someone else. Although she perceived these acts to be in retaliation for filing an EEOC charge, Griffith did not amend her EEOC charge or file a new charge alleging retaliation.

Griffith received a right to sue letter based on her sex discrimination charge and filed this timely lawsuit. Griffith alleges a discrimination claim based on the failure to hire her as Athletic Director (Count I) and a retaliation claim based on the defendants' treatment of her following her EEOC charge (Count II), both under Title VII of the Civil Rights Act of 1965, 42 U.S.C. § 2000e *et seq*. She does not attempt to plead a cause of action under 42 U.S.C. § 1983.

The defendants ask the Court to dismiss the claims in this case on the grounds that (1) Griffith has failed to state a sex discrimination claim, (2) individuals cannot be held liable under Title VII, and (3) Griffith has not exhausted her administrative remedies for her retaliation claim.

### III.     Analysis

#### A.     Statement of Claims

The Court has carefully reviewed the complaint and has determined that it satisfies the federal notice pleading requirement for pleading sex discrimination and retaliation claims. Title VII prohibits discrimination on the basis of sex: "It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to

3

discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . . ."  42 U.S.C. § 2000e-2(a)(1).  Title VII also prohibits retaliation for filing an EEOC charge:  "It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."  42 U.S.C. § 2000e-3(a).

The complaint in this case is sufficient to place the defendants on notice of the gravamen of Griffith's claims for violation of the two aforementioned sections of Title VII and the bases of those claims.  Dismissal for failure to state a claim is therefore improper.

    B.    <u>Individual Liability</u>

The Court will dismiss the claims in this case against the individual defendants because it is impossible for Griffith to state claims against them as individuals.  An individual is not an employer under Title VII and therefore cannot be liable under the statute.  *Williams v. Banning*, 72 F.3d 552, 554-55 (7th Cir. 1995);  *see Robinson v. Sappington*, 351 F.3d 317, 332 n. 9 (7th Cir. 2003), *cert. denied*, 542 U.S. 937 (2004).  To the extent that Griffith intends to sue the individual defendants in their official capacities, such claims are duplicative of her claims against the Board.

    C.    <u>Exhaustion of Administrative Remedies</u>

Title VII requires a plaintiff to present her Title VII claims to the EEOC before filing a federal lawsuit.  42 U.S.C. § 2000e-5(f)(1); *Gorence v. Eagle Food Ctrs, Inc.*, 242 F.3d 759, 763 (7th Cir. 2001).  While exhaustion of such administrative remedies is a precondition to a Title VII suit, it is not a jurisdiction requirement.  *Zipes v. Trans World Airlines*, 455 U.S. 385, 393

(1982); *Ameritech Ben. Plan Comm. v. Communication Workers of Am.*, 220 F.3d 814, 819 (7th Cir. 2000); *Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000). Thus, contrary to the defendants' assertions, this is not a jurisdictional question but a pleading question.

A Title VII plaintiff may sue only on "those claims that were included in her EEOC charge, or that are like or reasonably related to the allegations of the charge and growing out of such allegations." *Haugerud v. Amery Sch. Dist.*, 259 F.3d 678, 689 (7th Cir. 2001) (internal quotations and citations omitted). Claims are "like or reasonably related" if there is a factual relationship between them, that is, the charge and the complaint "describe the same conduct and implicate the same individuals." *Id.* (internal citations and quotations omitted). If there is such a factual relationship, the Court then asks whether the lawsuit claim could reasonably have developed from the EEOC's investigation of the charge. *Cheek v. Peabody Coal Co.*, 97 F.3d 200, 202 (7th Cir. 1996). If so, the employer will have had fair warning of the claims against it and a fair chance to settle the dispute during the administrative proceedings. *Haugerud*, 259 F.3d at 689. "[A] complaint that charges discrimination is deemed not to place the employer on notice that he is being charged with retaliation." *Heuer v. Weil-McLain*, 203 F.3d 1021, 1023 (7th Cir. 2000). Thus, a plaintiff cannot bring a retaliation cause of action where her charge complained solely of discrimination.

In this case, Griffith alleges that she filed an EEOC charge only for sex discrimination based on the failure to hire her as Athletic Director. The defendants assert in their motion to dismiss that Griffith's charge did not encompass the conduct she now claims as the basis for her retaliation claim. Griffith did not respond to this assertion in her response to the motion to dismiss, and the Court deems such a failure to respond as an admission that her EEOC charge did not contain allegations of retaliatory conduct. Thus, Griffith has not exhausted her

administrative remedies on her retaliation claim, and she cannot therefore sue on that claim under Title VII. For this reason, the Court will dismiss Count II.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** the motion to dismiss (Doc. 18). The Court **GRANTS** the motion to the extent that it seeks to dismiss Count II in its entirety and Count I against the individual defendants, **DISMISSES** Count I and Count II against the individual defendants **with prejudice**, **DISMISSES** Count II against the Board **without prejudice**, and **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case. Defendants Norman Carlile, David Auten, John Metzger, Dave Severin, Gary Messersmith, Kathleen Kerley, James Talley and Rick Cook are terminated from this action. The Court **DENIES** the remainder of the motion.

**Entered this  14th day of April, 2006.**

s/ J. Phil Gilbert  
**JUDGE J. PHIL GILBERT**
